HEINZE *v.* POULSON.

VENDOR AND PURCHASER—CONTRACT FOR OIL AND GAS—VOIDING CONTRACT.

Where written contract provided that, as part of consideration of sale of premises on contract, vendor and purchaser should each receive one-half of all revenue received from oil or gas deposits found or developed within period of five years from date, but that, if well was not in operation and producing within two years, agreement should be void, agreement thus referred to as being voided is five-year agreement, and not land contract.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 21, 1930. (Docket No. 56, Calendar No. 34,601.) Decided April 7, 1930.

Bill by Albert Heinze against Walter Poulson and Joel Barlow to forfeit a land contract. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*John A. McLaughlin* and *Alexis J. Rogoski,* for plaintiff.

*William J. Balgooyen* (*Corwin, Norcross & Cook,* of counsel), for defendants.

WIEST, C. J.   Plaintiff owned 20 acres of land in Muskegon county.   September 10, 1926, he sold the premises to defendant Poulson under land contract, with a down payment of $800 and future fixed payments.   The same day the parties to the land contract entered into an agreement in writing providing that, in consideration of the sale of the premises, "Each party (plaintiff and defendant Poulson) will receive (½) one-half of all cash (or other revenue) received from any oil or gas deposits found and developed on or under said land within a period of five years from date of this agreement," but also provided: "If a well is not in operation and producing within two years from above date this agreement is void." Under the land contract, Mr. Poulson went into possession of the premises, built a dwelling house thereon, improved the land, and sold 10 acres to his brother-in-law, defendant Barlow, who also built a dwelling house.   Payments of principal and interest were duly made upon the land contract to the amount of $1,387, and the semi-annual payment of interest was tendered November, 1928, and re-

fused by plaintiff. Plaintiff filed the bill herein to have the land contract declared void for failure of the consideration mentioned in the oil and gas agreement, and paid into court the $1,387 received upon the land contract. The court found that the land contract and the gas and oil agreement were parts of a single transaction, and that the land contract was voided by the provision in the oil and gas agreement that "If a well is not in operation and producing within two years from above date this agreement is void," because no such well existed, declared forfeiture of the contract, restored the premises to plaintiff, and awarded defendants the sum paid into court. At the time of the execution of the land contract the property had been for some time listed with a broker for sale at the price of $2,500. The circuit judge was in error in entering the decree.

The oil and gas agreement did not provide that the land contract should be void if a well was not in operation and producing within two years, but only that the five-year participation agreement should be void. No court can read into the agreement terms forfeiting the land contract.

If defendant Poulson prevented the putting down of a well, by refusal to join with plaintiff in a proper oil and gas lease, he did not lose his land contract rights for, at the most (and this we do not decide), his refusal would only bar him from taking the position that the five-year participation agreement was at an end. Under this agreement, plaintiff, in no event, can claim more than a continuation of the five-year right to participate in oil and gas revenues.

Plaintiff charges defendant Poulson with wrongfully refusing to join with him in leasing the oil and gas rights, and Poulson makes the same charge against plaintiff, and each is supported, to some ex-

tent, by testimony in the case. It would be difficult to decide which party was in fault, but it is not difficult to suspect that each had in mind the two-year provision; plaintiff construing it to forfeit the land contract, and defendant Poulson construing it to release the land from the five-year provision.

The question of whether the five-year right to participate in oil and gas returns has been lost by reason of no well being developed within two years was not made an issue in the circuit, and, of course, not presented in this court, and, therefore, not now determined. In no event could the land contract be declared void.

The circuit judge was clearly in error in holding the land contract forfeited, and the decree in the circuit is reversed, and a decree will be entered in this court dismissing the bill, with costs to defendants.

BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.